UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HERIBERTO DURAN and MARIA S. DURAN, | Civil Action No. 2:09-cv-03856 |
| Plaintiffs, | |
| v. | OPINION |
| EQUIFIRST CORP., CARTERET MORTGAGE CORP., JON CANTOR, SMARTERTITLE.COM, LLC, BSI FINANCIAL SERVICES, INC., JOHN DOES NOS. 1 - 12, ABC CORP. NOS. 1 - 10, | HON. WILLIAM J. MARTINI |
| Defendants. | |

**MEMORANDUM OPINION**
**ADDRESSING DEFENDANT EQUIFIRST'S MOTION TO DISMISS**[1]

## I. INTRODUCTION

Heriberto and Maria S. Duran, ("Plaintiffs"), filed a Complaint against five named Defendants and two sets of fictitious defendants alleging that Plaintiffs were fraudulently induced to execute a loan for their property located at 643 Atlantic Avenue, Perth Amboy, New Jersey, 08861 ("Perth Amboy property"). Defendant, Equifirst Corporation,

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein may be inserted. No endorsement of any provider of electronic or other resources is intended by the Court's practice of using hyperlinks.

1

("Equifirst"), has filed a motion to dismiss the Complaint. The Court, for the reasons elaborated below, will **GRANT** the motion.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs allege that they are the owners of the Perth Amboy property. They were solicited by Carteret Mortgage Corporation, ("CMC"), and its employee, Jon Cantor, over the phone to execute a mortgage for a lower fixed rate. Much of the loan process took place over the phone. Plaintiffs claim they were to receive a 40 year fixed rate mortgage at a lower rate. However, the Truth-in-Lending statement provided to the Plaintiffs "inaccurately stated the interest rate, total number of possible adjustments, amount financed and total payment." The Plaintiffs claim they were never notified by Mr. Cantor, the mortgage broker, that there were changes to the loan making it different from what was discussed with him originally. The closing occurred on or about December 18, 2006, and Plaintiffs "executed a Note with an adjustable rate loan at an initial interest rate of 9.55% in the amount of $299,200.00 and due in 30 years, as well as a mortgage to secure payment of the Note." Compl. ¶ 21, (Doc. No. 1). Equifirst is the assignee of the mortgage and note; BSI is the current servicer of the loan.

Plaintiffs allege that they received an adjustable rate loan, not the fixed rate loan that had been discussed. The Plaintiffs further allege that the refinanced loan was not necessary to make a "balloon payment" or to avoid foreclosure on the pre-existing loan. *Id*. ¶ 31. The Plaintiffs allege that the refinanced loan has not resulted in lower monthly payments or a shorter loan term. In sum, the Plaintiffs argue that the Defendants engaged

in "predatory tactics," failed to provide proper disclosure documents, provided documents that were false and misleading, failed to classify the loan as "high cost" as required by statute, charged the Plaintiffs for services never provided, and that the Defendants never provided what was promised to Plaintiffs, namely a lower interest rate mortgage. *Id*. ¶ 23. Moreover, Defendants failed to notify Plaintiffs of changes reflected in the loan documents from what had been previously agreed to. Indeed, Plaintiffs allege that they only "realized that their loan was altered from the broker's promise" at the time the note adjusted [the] monthly payments. *Id*. ¶ 20.

The refinance occurred on December 18, 2006. The Plaintiffs initiated this action in New Jersey Superior Court on June 23, 2009. It was removed on August 4, 2009.

### III.    STANDARD OF REVIEW

The Defendants' motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45 46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls

for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

**IV.    ANALYSIS**

Plaintiffs bring a 15 count complaint, including: Count I - Violations of the Truth-in-Lending Act ("TILA"); Count II - Violations of the New Jersey Consumer Fraud Act ("NJ Fraud"); Count III - Violations of the New Jersey RICO Statute; Count IV - Common Law Fraud; Count V - Unconscionability; Count VI - Negligence; Count VII - Unjust Enrichment; Count VIII - Breach of Contract; Count IX - Violations of the Real

Estate Settlement Procedures Act ("RESPA"); Count X - Negligence by the Settlement Agent and other Defendants; Count XI - Breach of Fiduciary Duty; Count XII Violations of the Duty of Good Faith and Fair Dealing; Count XIII - Violations of the New Jersey Law Against Discrimination ("NJLAD"); Count XIV - Violations of the New Jersey Home Ownership Security Act ("HOSA"); and Count XV - Violations of the Home Ownership and Equity Protection Act ("HOEPA"). Equifirst asserts a variety of defenses which this memorandum addresses.

    A. Plaintiffs Have Waived All Counts Against Equifirst

In its opening brief, Equifirst made substantive arguments to dismiss each of the fifteen counts of the Complaint. Plaintiffs' opposition to Equifirst's opening brief, (Doc. No. 17), did not respond in any fashion to eleven of the fifteen counts, including: Count II - New Jersey Consumer Fraud Act ("NJ Fraud"); Count III - NJ RICO; Count IV – Common Law Fraud; Count V - Unconscionability; Count VI - Negligence; Count VII - Unjust Enrichment; Count VIII - Breach of Contract; Count X - Negligence by other Defendants; Count XI - Breach of Fiduciary Duty; Count XII - Duty of Good Faith; and Count XIV - New Jersey Home Ownership Security Act ("HOSA"). Equifirst correctly argues that these causes of actions have been waived. *See Aiellos v. Zisa*, Civil Action No. 2:09-3076, 2010 U.S. Dist. LEXIS 8613, at *12 (D.N.J. Feb. 2, 2010).

Plaintiff responded in some limited fashion to the remaining four counts. In regard to Count I - Truth-in-Lending Act ("TILA"); Count IX - Real Estate Settlement Procedures Act ("RESPA"); Count XIII - Law Against Discrimination ("NJLAD"), and

Count XV - Home Ownership and Equity Protection Act ("HOEPA"), Equifirst asserted a variety of defenses. For each of these causes of action, Equifirst asserted both a statute of limitations of defense and *other* defenses.[2] In regard to each of these four remaining counts, the Plaintiffs only responded to the statute of limitations defense, but not to Equifirst's *other* arguments. For example, in regard to NJLAD, Equifirst argues that Plaintiffs have failed to meet the *Twombly* standard. This seems correct. Plaintiffs' Complaint formulaically recites that Defendants' conduct was "discriminatory and retaliatory" and that Plaintiffs are "member[s] of a protected class," without specifying what protected class to which they belong (racial or otherwise) or how Defendants' lending practices were discriminatory or retaliatory. The absence of argument on this and other issues constitutes waiver, and that waives the individual counts themselves. *Cf. Aiellos*, Civil Action No. 2:09-3076, 2010 U.S. Dist. LEXIS 8613, at *12. In short, each and every count of the Complaint has been waived vis-à-vis Equifirst.

B.  Statute of Limitations

Plaintiffs concede that Count I - Truth-in-Lending Act ("TILA"); Count IX - Real Estate Settlement Procedures Act ("RESPA"); and Count XV - Home Ownership and

---

[2] *Compare*, *e.g.*, Equifirst's Opening Brief Part III[B][1] (making a limitations defense in regard to TILA Count), *with id.* III[B][2-3] (arguing, in regard to TILA Count, that its disclosures were accurate, and supporting its argument with a certification and copies of documents provided at the closing, some of which were signed by Plaintiffs); *compare id.* III[G][2] (making a limitations defense in regard to RESPA Count), *with id.* III[G][1] (arguing that Plaintiffs failed to state a RESPA claim); *compare id.* III[H][2] (making a limitations defense in regard to NJLAD Count), *with id.* III[H][1] (asserting that Plaintiffs' NJLAD Count was not pled with the requisite specificity). *See id.* III[J][1-2]) (asserting substantive defenses, unrelated to any limitations defense, in regard to HOEPA Count).

Equity Protection Act ("HOEPA") are barred by their individual statutes of limitations, at least, as to any claim for damages.[3] Opposition Brief 2 ("Plaintiffs concede that the statute of limitations for these claims has passed."). However, Plaintiffs argue that pursuant to the discovery rule and the equitable tolling doctrine these claims should not be dismissed.

Application of the discovery rule requires "the awareness of facts that would alert a reasonable person exercising ordinary diligence that a third party's conduct may have caused or contributed to the cause of the injury." *Anderson v. County of Monmouth*, Civil Action No. 05-1809, 2005 U.S. Dist. LEXIS 37657, at *28-29 (D.N.J. Dec. 30, 2005). Here, the Plaintiffs had the benefit both of the documents provided at the December 18, 2006 closing, and of the monthly loan statements that should have alerted a reasonable person exercising ordinary diligence that another party's conduct may have caused them injury. Still, Plaintiffs argue for the application of the discovery rule: "there is a question of fact [as to when] the plaintiffs became aware of the alleged violations." But Plaintiffs make no actual proffer in their brief, much less offer to amend their Complaint, as to when they, in fact, first became aware of their injury, and if this suit was timely as of that (ostensibly later) time. Surely, Plaintiffs do not need access to discovery for this purpose; surely Plaintiffs are aware when their note adjusted which is, ostensibly, reflected in the closing documents and in the first monthly bill they received after the allegedly

---

[3] Plaintiffs also seek rescission as a remedy. A rescission remedy under TILA and HOEPA has a three year statute of limitations, under which Plaintiffs' Complaint would be timely, in least in regard to that remedy. However, as explained in Part IV[A], *supra*, this Court has independent reasons to dismiss these counts.

unexpected rate adjustment first kicked in.

Second, "[a]bsent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly" and only where an adversary's "misconduct prevents a claimant from filing within the limitation period." *Levine v. N.J. State Dep't of Cmty. Affairs*, Civil Action No. 02-5570, 2004 U.S. Dist. LEXIS 29587, at *17-18 (D.N.J. July 1, 2004). *See also*, *e.g.*, *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1389 (3d Cir. 1994) (applying equitable tolling where a defendant "unfairly lulled the plaintiff into inaction"). Although the Plaintiffs allege that they were initially given inaccurate loan documents, that alone does not excuse them "from exercising the reasonable insight and diligence required to pursue their claims," especially in light of the fact that they received monthly statements not alleged to contain any "trickery" by the defendant. *Levine*, Civil Action No. 02-5570, 2004 U.S. Dist. LEXIS 29587, at *17-18. Finally, to the extent that Plaintiffs would rely on *Celimar Solar v. Millenium Fin., Inc.*, Civil Action No. 01-CV-4327, 2002 WL 1019047 (E.D. Pa. May 17, 2002), their reliance seems misplaced. In *Celimar*, the Court applied the tolling doctrine to TILA, RESPA, and HOEPA claims in the context of a learning disabled plaintiff. *Id.* at *3; *Smith v. EquipCredit Corp.*, Civil Action No. 01-CV-4326, 2002 WL 32349873, at *5 (E.D. Pa. Oct. 4, 2002) (applying tolling doctrine where "like the plaintiff in *Solar*, Ms. Smith alleges a substantial disability that prevented her not only from understanding the nuances of the loan agreement, but also from appreciating the statutory violations that stemmed from this agreement and from promptly taking with

expedition the requisite legal steps to challenge those violations legally"). Here Plaintiffs make no such allegation. *But cf.* Compl. ¶ 40 ("[D]efendants … knew or should have known that plaintiffs lacked the legal capacity to enter into this mortgage loan contract and/or did not understand the essential terms of the documents that they were executing."). Because Plaintiffs fail to allege specific facts that would support extending or tolling the period of limitations (under either the discovery rule or the equitable tolling doctrine) for these counts, they will be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

## V.   CONCLUSION

For the reasons elaborated above, the Court **GRANTS** Equifirst's motion to dismiss, (Doc. No. 5). Equifirst is terminated from this action.

An appropriate order accompanies this memorandum opinion.

s/ William J. Martini_____
**William J. Martini, U.S.D.J.**

**DATED: March 12, 2010**