## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HERIBERTO DURAN and MARIA S. DURAN,** | **Civil Action No. 2:09-cv-03856** |
| **Plaintiffs,** | |
| **v.** | **OPINION** |
| **EQUIFIRST CORP., CARTERET MORTGAGE CORP., JON CANTOR, SMARTERTITLE.COM, LLC, BSI FINANCIAL SERVICES, INC., JOHN DOES NOS. 1 - 12, ABC CORP. NOS. 1 - 10,** | **HON. WILLIAM J. MARTINI** |
| **Defendants.** | |

### MEMORANDUM OPINION
### ADDRESSING DEFENDANT BSI'S MOTION TO DISMISS[1]

## I.    INTRODUCTION

Heriberto and Maria S. Duran, ("Plaintiffs"), filed a Complaint against five named

Defendants and two sets of fictitious defendants alleging that Plaintiffs were fraudulently

induced to execute a loan for their property located at 643 Atlantic Avenue, Perth

Amboy, New Jersey, 08861 ("Perth Amboy property"). Defendants Equifirst

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein may be inserted. No endorsement of any provider of electronic or other resources is intended by the Court's practice of using hyperlinks.

Corporation, ("Equifirst"), and BSI Financial Services Inc., ("BSI"), have filed motions to dismiss the Complaint. In a separate memorandum opinion and order, the Court granted Equifirst's Motion. The Court, for the reasons elaborated below, will **GRANT** BSI's motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs allege that they are the owners of the Perth Amboy property. They were solicited by Carteret Mortgage Corporation, ("CMC"), and its employee, Jon Cantor, over the phone to execute a mortgage for a lower fixed rate. Much of the loan process took place over the phone. Plaintiffs claim they were to receive a 40 year fixed rate mortgage at a lower rate. However, the Truth-in-Lending statement provided to the Plaintiffs "inaccurately stated the interest rate, total number of possible adjustments, amount financed and total payment." The Plaintiffs claim they were never notified by Mr. Cantor, the mortgage broker, that there were changes to the loan making it different from what was discussed with him originally. The closing occurred on or about December 18, 2006, and the Plaintiffs "executed a Note with an adjustable rate loan at an initial interest rate of 9.55% in the amount of $299,200.00 and due in 30 years, as well as a mortgage to secure payment of the Note." Compl. ¶ 21, (Doc. No. 1). Equifirst is the assignee of the mortgage and note; BSI is the current servicer of the loan.

Plaintiffs allege that they received an adjustable rate loan, not the fixed rate loan that had been discussed. The Plaintiffs further allege that the refinanced loan was not necessary to make a "balloon payment" or to avoid foreclosure on the pre-existing loan.

*Id*. ¶ 31. The Plaintiffs allege that the refinanced loan has not resulted in lower monthly payments or a shorter loan term. In sum, the Plaintiffs argue that the Defendants engaged in "predatory tactics," failed to provide proper disclosure documents, provided documents that were false and misleading, failed to classify the loan as "high cost" as required by statute, charged the Plaintiffs for services never provided, and that the Defendants never provided what was promised to Plaintiffs, namely a lower interest rate mortgage. *Id*. ¶ 23. Moreover, Defendants failed to notify Plaintiffs of changes reflected in the loan documents from what had been previously agreed to. Indeed, Plaintiffs allege that they only "realized that their loan was altered from the broker's promise" at the time the note adjusted [the] monthly payments. *Id*. ¶ 20.

The refinance occurred on December 18, 2006. The Plaintiffs initiated this action in New Jersey Superior Court on June 23, 2009. It was removed on August 4, 2009.

## III.   STANDARD OF REVIEW

The Defendants' motion to dismiss is brought pursuant to the provisions of <u>Fed. R. Civ. P. 12(b)(6)</u>. This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v.*

3

*Gibson*, 355 U.S. 41, 45 46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

## IV.   ANALYSIS

Plaintiffs bring a 15 count complaint, including: Count I - Violations of the Truth-in-Lending Act ("TILA"); Count II - Violations of the New Jersey Consumer Fraud Act ("NJ Fraud"); Count III - Violations of the New Jersey RICO Statute; Count IV -

Common Law Fraud; Count V - Unconscionability; Count VI - Negligence; Count VII - Unjust Enrichment; Count VIII - Breach of Contract; Count IX - Violations of the Real Estate Settlement Procedures Act ("RESPA"); Count X - Negligence by the Settlement Agent and other Defendants; Count XI - Breach of Fiduciary Duty; Count XII Violations of the Duty of Good Faith and Fair Dealing; Count XIII - Violations of the New Jersey Law Against Discrimination ("NJLAD"); Count XIV - Violations of the New Jersey Home Ownership Security Act ("HOSA"); and Count XV - Violations of the Home Ownership and Equity Protection Act ("HOEPA"). BSI asserts a variety of defenses which this memorandum addresses.

A.    Counts Waived By Plaintiffs

In its opening brief, BSI made substantive arguments to dismiss each of the fifteen counts of the Complaint. Plaintiffs' opposition to Equifirst's opening brief, (Doc. No. 18 & Doc. No. 19), did not respond in any fashion to seven of the fifteen counts, including: Count II - Violations of the New Jersey Consumer Fraud Act ("NJ Fraud"); Count IV - Common Law Fraud; Count V - Unconscionability; Count VII - Unjust Enrichment; Count VIII - Breach of Contract; Count XII Violations of the Duty of Good Faith and Fair Dealing; Count XIV - Violations of the New Jersey Home Ownership Security Act ("HOSA"). These causes of actions have been waived. *See Aiellos v. Zisa*, Civil Action No. 2:09-3076, 2010 U.S. Dist. LEXIS 8613, at *12 (D.N.J. Feb. 2, 2010).

Plaintiff responded in some limited fashion to the remaining eight counts. (Counts I, III, VI, IX, X, XI, XIII, and XV.) In regard to Count VI – Negligence, and

Count X - Negligence by the Settlement Agent and other Defendants, BSI asserted a variety of defenses: For both of these causes of action, BSI asserted both a statute of limitations of defense and *another* defense: i.e., that BSI did not owe any duty grounded in negligence to Plaintiffs. In regard to these counts, the Plaintiffs only responded to the statute of limitations defense, but not to BSI's *other* argument. The absence of argument constitutes waiver in regard to the issue left unaddressed, and that waives the individual counts themselves. *Cf. Aiellos*, Civil Action No. 2:09-3076, 2010 U.S. Dist. LEXIS 8613, at *12.

    B.    Counts Grounded in Negligence

    In regard to Count XI – Breach of Fiduciary Duty, BSI argues that it is not Plaintiffs' fiduciary and therefore this count should be dismissed. Further, BSI argues it "had no duty to protect Plaintiffs from entering into a mortgage loan that had originated and closed before [BSI] even knew it existed." The Plaintiffs respond that there "may" have been a fiduciary relationship between BSI and Plaintiffs. However, the fact that there *may* have been a relationship does not mean that there was one. Under *Twombly*, it appears that Plaintiffs must actually allege a relationship existed; "may" is not enough. 550 U.S. at 555. Moreover, as other courts have explained, creditor-debtor relationships "rarely are found to give rise to a fiduciary duty." *Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir. 1988). Exceptions to this principle have only been carved out where "special circumstances" are present. *United Jersey Bank v. Kensey*, 704 A.2d 38 (N.J. Super. Ct. 1997). In *United Jersey Bank*, the court described "special

circumstances" to be situations where "the lender encouraged the borrower to repose special trust or confidence in its advice, thereby inducing the borrower's reliance." *Id*. at 45. Here, the Plaintiffs fail to allege any "special circumstances" in support of this claim, therefore Count XI - Breach of Fiduciary Duty against BSI will also be dismissed.

      C.     Statute of Limitations

      Plaintiffs concede that Count I - Truth-in-Lending Act ("TILA"); Count VI – Negligence; Count IX - Real Estate Settlement Procedures Act ("RESPA"); Count X - Negligence by the Settlement Agent and other Defendants; and Count XV - Home Ownership and Equity Protection Act ("HOEPA") are barred by their individual statutes of limitations, at least, as to any claim for damages.[2] Opposition Brief 2 ("Plaintiffs concede that the statute of limitations for these claims has passed."). However, Plaintiffs argue that pursuant to the discovery rule and the equitable tolling doctrine these claims should not be dismissed. The Court has already adjudicated this issue in Equifirst's motion to dismiss, and for the reasons stated in the Court's opinion on that motion, the Court dismisses these claims notwithstanding the discovery rule and equitable tolling.

      D.     Count XIII – New Jersey Law Against Discrimination ("NJLAD")

      In regard to the NJLAD Count, BSI argues that Plaintiffs have failed to meet the *Twombly* standard. This seems correct. Plaintiffs' Complaint formulaically recites that

---

[2] Plaintiffs also seek rescission as a remedy. A rescission remedy under TILA and HOEPA has a three year statute of limitations, under which Plaintiffs' Complaint would be timely, in least in regard to that remedy. However, BSI is only the servicer of the loan. It is difficult to imagine that the Court could order rescission of the loan absent Equifirst, the holder or assignee of the loan. Equifirst has already been terminated from this action. Therefore the rescission remedy, with its longer statute of limitations, is moot.

–7–

Defendants' conduct was "discriminatory and retaliatory" and that Plaintiffs are "member[s] of a protected class," without specifying what protected class to which they belong (racial or otherwise) or how Defendants' lending practices were discriminatory or retaliatory. In its opposition brief, Plaintiffs again state formulaically: "the discriminatory act was the issuance of the mortgage loan." Plaintiffs' Complaint fails to put the Defendants on sufficient or meaningful notice of the discrimination claim Plaintiffs seek to vindicate. Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

      E.      Count III – New Jersey RICO ("NJRICO")

BSI argues that the NJRICO claim should be dismissed under Rule 12(b)(6) and *Twombly*. The Court agrees. Paragraph 86 of the Complaint lists the predicate acts associated with the RICO claim. The six predicate acts listed are defective under the group pleading doctrine. Compl. ¶ 86[a-f]. Each alleged predicate act is generally alleged to have been committed by every Defendant in this action, as opposed to alleging which particular Defendant (including BSI) committed which particular predicate act. *See, e.g.*, *Gross v. Waywell*, 628 F. Supp. 2d 475, 495 (S.D.N.Y. 2009) ("Thus, the pleadings do not indicate individually which of the three defendants actually engaged in the particular predicate acts of mail or wire fraud offenses that Plaintiffs allege constitutes a pattern of racketeering. Such 'group pleading' does not comply with the requirements of RICO or the particularity standards of Rule 9(b)."). The Court does not doubt that this requirement applies equally to New Jersey RICO. *See, e.g.*, *State v. Ball*, 661 A.2d 251 (N.J. 1995).

Moreover, on inspection of the six alleged predicate acts, it appears that they are tied to the loan's negotiation, origination, and closing. BSI, by contrast, is the current servicer of Plaintiffs' 2006 loan. It is not explained how BSI is tied to any of the predicate acts.

## V.   CONCLUSION

For the reasons elaborated above, the Court **GRANTS** BSI's motion to dismiss, (Doc. No. 6). BSI is terminated from this action.

An appropriate order accompanies this memorandum opinion.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

**DATED: March 12, 2010**